J-A17005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS WOYTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMANTHA WHIPKEY | : | No. 221 WDA 2025 |

Appeal from the Order Entered January 27, 2025
In the Court of Common Pleas of Armstrong County Domestic Relations
at No(s):  No. 2024-1274-Civil

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED: AUGUST 25, 2025**

N.W. appeals from the order sustaining S.W.'s preliminary objection and dismissing his custody complaint for lack of standing. N.W. argues he has *in loco parentis* standing pursuant to 23 Pa.C.S.A. § 5324(2), and that the court erred in failing to consider the best interests of the child and unique circumstances of the case. We affirm.

N.W. and S.W. are the biological parents of a minor child ("Child"), born in 2015. Both parents struggled with substance abuse. S.W. voluntarily relinquished her parental rights to Child in 2020. The court involuntarily terminated N.W.'s parental rights, and this Court affirmed. ***See In re Adoption of C.N.W.***, No. 931 WDA 2020, 2021 WL 305755, at **1 (Pa.Super. 2021) (unpublished mem.), *appeal denied*, 251 A.3d 400 (Pa. 2021).

S.W.'s mother – Child's maternal grandmother – adopted Child. S.W. resided in their home on-and-off for several years, maintaining a close

relationship with Child. Meanwhile, N.W. was incarcerated. Child's maternal grandmother died, and S.W. adopted Child in August 2024.

The following month, in September 2024, N.W. filed a complaint seeking primary custody of Child, asserting he stands *in loco parentis* to Child under 23 Pa.C.S.A. § 5324(2). S.W. filed a preliminary objection under Pa.R.C.P. 1028(a)(5), challenging N.W.'s standing. She alleged that N.W. had not spent any time with Child for more than four years. The court sustained the objection and dismissed the complaint with prejudice. N.W. appealed.

N.W.'s issues are as follows:

I. Did the trial court err in dismissing [N.W.'s] claim for custody as [N.W.] has properly asserted *in loco parentis* standing pursuant to 23 Pa. C.S.A. § 5324(2)?

II. Did the trial court err in dismissing [N.W.'s] complaint for custody, essentially awarding custody to [S.W.], who has also had her parental rights terminated?

III. Did the trial court err in failing to consider the best interest of the minor child?

IV. Did the trial court commit an abuse of discretion in failing to consider the father-child relationship in essentially awarding sole physical custody to mother?

N.W.'s Br. at 4 (trial court answers omitted). As some of N.W.'s arguments overlap, we have condensed them in the following discussion.

N.W. argues that in finding he lacked *in loco parentis* standing, the court failed to consider whether he had ever been viewed as a parent-like figure in Child's life, and whether S.W. had prevented him from discharging parental duties by withholding Child from him. N.W.'s Br. at 15-16 (citing ***C.G. v. J.H.***,

193 A.3d 891 (Pa. 2018), and **Jones v. Jones**, 884 A.2d 915, 919 (Pa.Super. 2005)). N.W. argues that after both parties' parental rights were terminated, S.W.'s "situational luck" allowed her to maintain contact with Child. **Id.** at 18. He asserts S.W. initially provided him with frequent updates about Child, "positioning [him] as a parent-figure to [Child] [as much] as [S.W.] herself was at that time." **Id.** at 17. N.W. alleges that S.W. eventually stopped responding to him, despite his numerous attempts to maintain contact with Child. **Id.** at 16.

N.W. further argues that the court should have considered Child's best interests and the importance of the father-child relationship, because, he claims, the order effectively awarded S.W. sole custody. N.W. argues that it is in Child's best interests to be reunited with him, as he has maintained his sobriety, employment, and housing, and has "proven himself to care about" Child. **Id.** at 23, 27. He also asserts the court should "widen its lens" in determining standing here, due to the unique procedural nature of the case. **Id.** at 23. N.W. argues it would be unfair to disallow him from seeking custody on the basis that his parental rights were terminated, when S.W. also had her parental rights terminated but was nonetheless permitted to adopt Child.

"Issues of standing generally raise pure questions of law for which we employ *de novo* review of a trial court's decision." **Int. of K.N.L.**, 284 A.3d 121, 132 (Pa. 2022). Our scope of review is plenary. **Id.**

The Domestic Relations Code provides that a person who stands *in loco parentis* to a child may file an action for custody. **See** 23 Pa.C.S.A. § 5324(2).

- 3 -

"The term *in loco parentis* literally means in the place of a parent." ***Hunt v. Vardaro***, 317 A.3d 1046, 1050 (Pa.Super. 2024) (citation omitted). "The foundational elements" of achieving *in loco parentis* status are "the assumption of a parental role" and "the discharge of parental duties." ***K.N.L.***, 284 A.3d at 144.

The pertinent facts here are not in dispute. At the time he filed his custody complaint, N.W. had not had contact with Child in over four years. N.W. has not assumed a parental role for Child since the 2020 termination of his parental rights. Nor has he discharged any parental duties for Child since that time.[1] We therefore affirm the trial court's finding that N.W. does not stand *in loco parentis* with regards to Child. ***See Hunt***, 317 A.3d at 1053 (affirming order sustaining preliminary objection to *in loco parentis* standing in custody suit where third party had not resided with the child in over four years and had only subsequently been permitted to visit the child three or four times). The fact that N.W. is Child's biological father does not disturb this analysis. ***See, e.g., Morgan v. Weiser***, 923 A.2d 1183, 1186, 1188-89 (Pa.Super. 2007) (finding biological father whose parental rights had been terminated did not have *in loco parentis* standing, despite acting "as a parent with minimal partial custody").

---

[1] The court terminated N.W.'s parental rights were under 23 Pa.C.S.A. § 2511(a)(8), based on his ongoing substance abuse and criminal activity. ***C.N.W.***, 2021 WL 305755 at **1-**3.

The Supreme Court has recognized "that in some situations[,] a natural parent may seek to withhold a child from a person who has assumed parental status (or another natural parent)," and that this fact may be relevant to the determination of whether the person stood *in loco parentis* prior to the separation. **C.G.**, 193 A.3d at 910. However, the analysis must also consider the actions of the third party following the separation. **See id.** at 910-11 (finding third party had not assumed parental status or discharged parental duties either prior to, or after, the couple's separation).

However, this is not a case where the disintegration of the family unit briefly prevented N.W. from providing Child with ongoing parental care. Rather, N.W.'s parental rights were terminated and Child was adopted by his maternal grandmother. As Child's lawful parent, the maternal grandmother could prevent N.W. – legally a third party with no rights to Child – from assuming *in loco parentis* status. **See Hunt**, 317 A.3d at 1050 ("[*I*]n loco parentis* status cannot be achieved without the consent and knowledge of, and in disregard of, the wishes of a parent") (citation omitted).

Furthermore, even if N.W. had achieved *in loco parentis* standing after the termination of his parental rights but before S.W. adopted Child (he did not), his right to seek custody on this basis was terminated by the adoption. **See E.T.S. v. S.L.H.**, 54 A.3d 880, 884 (Pa.Super. 2012) (holding that under 23 Pa.C.S.A. § 5326, "the effect of adoption by someone other than a stepparent, grandparent, or great-grandparent is to terminate the custody

rights of all persons addressed in the specified subsections [of § 5324], including . . . [the] rights of persons who stand *in loco parentis*").

Nor did the court err in failing to conduct a best interests analysis, as the standing inquiry is a threshold issue:

> Determining standing in custody disputes is a threshold issue that must be resolved before proceeding to the merits of the underlying custody action. It is a conceptually distinct legal question which has no bearing on the central issue within the custody action — who is entitled to physical and legal custody of a child in light of his or her best interests.

*Hunt*, 317 A.3d at 1049 (citation omitted).[2]

Here, N.W. failed to establish standing. The court thus properly ended its inquiry.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/25/2025

---

[2] "Of course, it is a concern to the courts whether a child has developed strong psychological bonds, however, such bonds must necessarily be based on the assumption of parental status and discharge of parental duties in order to achieve this legal status." *C.G.*, 193 A.3d at 910.